## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| FORMENTERA OPERATIONS, LLC | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 7:24-cv-00084-DC-RCG |
| | § | |
| 2S PARTNERS, LLC dba Capital Well Services | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO AMEND COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, 2S Partners, LLC dba Capital Well Services ("CWS" or "Defendant") in the above-styled and numbered cause, and file this Unopposed Motion for Leave to Amend Counterclaim, and would show the Court as follows:

### I.  INTRODUCTION AND BACKGROUND

On January 24, 2024, Formentera Operations, LLC ("Formentera" or "Plaintiff") filed this suit against CWS in Texas state court, alleging several causes of action, including but not limited to breach of contract and breach of warranty. (Doc. 1-2). On March 18, 2024, CWS filed its Answer and Counterclaim in Texas state court, alleging breach of contract, quantum meruit, and promissory estoppel. (Doc. 1-3). CWS also filed its Notice of Removal on March 18, 2024. (Doc. 1). CWS filed its First Amended Answer and Counterclaim on March 29, 2024. (Doc. 10). Plaintiff filed its Original Answer to CWS's Counterclaim on April 19, 2024. (Doc. 15). This Court also entered a scheduling order on April 30, 2024. (Doc. 19).

1

## II.   LAW AND ARGUMENT

"Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *See Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citing Fed. R. Civ. P. 15(a)). "Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). "In deciding whether to grant leave under Rule 15(a), district courts consider the following five factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment." *Lawton v. Osado Water Transfer Company, LLC*, No. MO:15-CV-00189-RAJ-DC, 2016 WL 11586133, at *1 (W.D. Tex. September 15, 2016) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). "An amendment is futile if the amended complaint [or counterclaim] is subject to dismissal under Rule 12(b)(6) for failing to state a claim upon which relief could be granted." *Lawton*, 2016 WL 11586133, at *1 (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

The current deadline to file all motions to amend or supplement pleadings is September 27, 2024. (Doc. 19). Defendant's Motion, along with its Amended Counterclaim, have been filed well in advance of this deadline. (Doc. 19). As such, Defendant's Motion for Leave is timely. *See Lawton*, 2016 WL 11586133, at *1. Additionally, the discovery deadline in this case is January 31, 2025, and trial is set for August 4, 2025. (Doc. 19). Therefore, "there are no imminent deadlines that would be jeopardized in the event that the Court granted the motion to amend." *Lawton*, 2016 WL 11586133, at *1. Further, counsel for Formentera has indicated that Plaintiff is unopposed to the relief sought. Defendant's amendments are also not futile because they primarily relate to

2

changes in Defendant's damages model that were learned of during the discovery process. *See* Exhibit A. Defendant does not seek to allege any additional causes of action in its Amended Counterclaim. *See* Exhibit A. Additionally, Defendant does not seek this amendment for dilatory purposes but so that justice may be done.

### III.  CONCLUSION

Therefore, 2S Partners, LLC dba Capital Well Services respectfully requests that this honorable Court grant Defendant's Unopposed Motion for Leave to Amend Counterclaim.

Respectfully submitted,

**CLARK HILL PLC**

By: */s/ Adam R. Diamond (with permission)*
    **JAMES M. KIMBELL**
    State Bar No. 11420000
    JKimbell@clarkhill.com
    **ADAM R. DIAMOND**
    State Bar No. 24092344
    adiamond@clarkhill.com
    **ALYSSA "ALY" R. ARNOLD**
    State Bar No. 24125099
    ARPittman@clarkhill.com
    1000 Louisiana Street, Suite 2800
    Houston, Texas 77002
    (713) 951-5600 - Telephone
    (713) 951-5660 – Facsimile

*And*

**COTTON, BLEDSOE, TIGHE & DAWSON**

By: */s/ William E. Berry, Jr.*
    **WILLIAM E. BERRY, JR.**
    State Bar No. 24006841
    bberry@cbtd.com
    **MAXWELL G. GADDY**
    State Bar No. 24136832
    mgaddy@cbtd.com
    COTTON, BLEDSOE, TIGHE & DAWSON
    A Professional Corporation
    P. O. Box 2776
    Midland, Texas 79702
    432-684-5782
    432-682-3672 Fax

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF 2S PARTNERS, LLC dba CAPTIAL WELL SERVICES.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on 18th day of July, 2024, I conferenced with Formentera's Counsel, Katie L. Petroski, who is unopposed to the relief sought.

/s/ *Maxwell G. Gaddy*
**Maxwell G. Gaddy**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 28th day of August 2024, a true and correct copy of the foregoing was electronically filed with the Court and served on all known counsel in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure.

/s/ *William E. Berry, Jr.*
**William E. Berry, Jr.**

MIDLAND\017583\000001\3632134.1